UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD A. SPANN-EL,

    Plaintiff,

        v.                          CAUSE NO. 3:22-CV-660-RLM-MGG

MCF, et al.,

    Defendants.

OPINION AND ORDER

Richard A. Spann-El, a prisoner without a lawyer, began this case by filing a document labeled, "Order for Immediate Video Conference; Order for Preliminary Injunction; Permanent Injunction; False Imprisonment Due Process Violations." He didn't use the court's approved complaint form for prisoner actions under 42 U.S.C. § 1983, which is available in his prison's law library. *See* N.D. IND. L.R. 7-6 (requiring litigants representing themselves to use clerk-supplied complaint forms). Mr. Spann-El is a frequent litigator in this court and has used the complaint form many times. He has also been told several times that he is expected to comply with applicable procedural rules even though he is proceeding without counsel. Collins v. Illinois, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even pro se litigants must follow procedural rules[.]").

He didn't pay the filing fee or move for leave to proceed in forma pauperis. He is barred from proceeding in forma pauperis unless he is under imminent danger of serious physical injury because he has filed three or more cases that were dismissed

as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). He knows he is three-struck, as he has been told by the court several times beginning in September 2020. *See* Spann-El v. State of Indiana, et al., 3:20-CV-806-JD-MGG (N.D. Ind. closed Nov. 5, 2020). He has filed multiple lawsuits alleging he was in imminent danger since being told that he is three-struck. *See* Spann-El v. State of Indiana, et al., 3:20-CV-1011-DRL-MGG (N.D. ind. closed Feb. 16, 2021); Spann-El v. State of Indiana, et al., 3:22-CV-114-DRL-MGG (N.D. Ind. closed Mar. 15, 2022); Spann-El v. Hall, 3:22-CV-115-RLM-MGG (N.D. Ind. closed Mar. 16, 2022); Spann-El v. State of Indiana, et al., 3:22-CV-116-RLM-MGG (N.D. Ind. closed Mar. 16, 2022); Spann-El v. State of Indiana, et al., 3:22-CV-117-DRL-MGG (N.D. Ind. closed Mar. 17, 2022); Spann-El v. State of Indiana, et al., 3:22-CV-450-JD-MGG (N.D. Ind. filed June 10, 2022); Spann-El v. State of Indiana, et al., 3:22-CV-541-JD-MGG (N.D. Ind. filed July 13, 2022).

In only two of the cases was he found to be in imminent danger of serious physical injury. Spann-El v. Indiana, 3:22-CV-450-JD-MGG; Spann-El v. Indiana, 3:22-CV-541-JD-MGG. In the rest of the cases he didn't come within shouting distance of an imminent danger claim. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). He complained about such matters as that he was not being "honored as a human being," that he was upset and needed someone to talk to, that he was sprayed with pepper spray months earlier, that he wasn't being given enough pens and paper, that he was housed with a transgender inmate against his "moral beliefs," that he was denied privileges, and other concerns. In a new case filed only a few weeks ago,

2

he was warned that he risked filing restrictions if he persisted in filing lawsuits that didn't satisfy the imminent danger exception,. *See* Spann-El v. MCF, 3:22-CV-604-JD-MGG (N.D. Ind. filed July 29, 2022).

Mr. Spann-El argues in this case that his mental state is declining because he is in the restrictive housing unit and has nothing to do and no one to talk to. Among other things, he doesn't have his books or legal papers "to keep calm," he can't but things at the commissary because he owes a substantial debt to the prison, and he has no GTL tablet because his was damaged and he doesn't have $250 to obtain a new one. He states: "I am getting ready to lose my marbles and do something to hurt someone because I have no other remedy of last resort other than catch an outside case & go to Miami Circuit Court & plead insanity." He seeks an order requiring that he be immediately given a new television set, a new hot pot, a new GTL tablet, $200 of phone time, a wrist watch, boots, movies and games, a necklace, a blue coat, shower shoes, and a variety of other items.

Once again, Mr. Spann-El doesn't come within shouting distance of establishing that he is in imminent danger of a serious physical injury. *See* Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). "Mental deterioration . . . is a psychological rather than a physical problem" which, by itself, does not satisfy the imminent danger exception.[1]

---

[1] To the extent Mr. Spann-El claims he's not getting adequate treatment for a mental illness and is suicidal, he's already proceeding on a claim related to that issue in another lawsuit. *See* Spann-El v. Indiana, 3:22-CV-450-JD-MGG. He has been told more than once that filing lawsuits containing duplicative claims it is an abuse of the judicial process. *See* Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2003).

3

Sanders v. Melvin, 873 F.3d 957, 960-61 (7th Cir. 2017). Being without movies or a hot pot certainly doesn't trigger a risk of physical harm. Mr. Spann-El doesn't even mention the imminent danger standard or allege that he is in imminent danger of serious physical injury. The court doesn't take his threat to hurt others to get commissary items, games, and other items to be the type of "genuine emergency" covered by 28 U.S.C. § 1915(g). *See* Lewis v. Sullivan, 279 F.3d at 531. "Permitting such an attempt at manipulation would effectively blot § 1915(g) out of the United States Code." Sanders v. Melvin, 873 F.3d at 960.

> Mr. Spann-El's actions amount to an attempt to "bamboozle" the court.
>
> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in Newlin v. Helman, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.

Sloan v. Lesza, 181 F.3d 857, 859 (7th Cir. 1999).

Although Mr. Spann-El didn't formally move for leave to proceed in forma pauperis, he didn't submit payment of the filing fee with his filing, thereby implicitly seeking permission to proceed without prepayment of the fee. He is fully aware of the fee requirement and that he is three-struck. Therefore, this case will be dismissed and the filing fee assessed.[2] Mr. Spann-El was recently warned that he risked the imposition of a filing bar if he persisted in filing lawsuits that didn't satisfy the

---

[2] For administrative purposes, the court will issue a separate order directing collection of the filing fee.

4

imminent danger exception, but it appears that he tendered this complaint for filing the day before that order issued. *See* Spann-El v. MCF, 3:22-CV-604-JD-MGG, ECF 2. At this time, the court won't impose a filing bar, but gives a final warning that if Mr. Spann-El files any new complaint or other case-initiating document that doesn't allege an imminent danger of serious physical injury, and doesn't submit payment of the full filing fee, this will be grounds for imposing a filing bar in accordance with Sloan. In light of the threats of violence Mr. Spann-El makes in his filing, the clerk will be directed to send a copy of his filing to the Warden at Miami Correctional Facility.

For these reasons, the court:

(1) DISMISSES this case as a sanction for attempting to "bamboozle" the court;

(2) DIRECTS the clerk to send a copy of the plaintiff's case-initiating document (ECF 1) to the Warden of Miami Correctional Facility; and

(3) CAUTIONS the plaintiff that if he files any new complaint or other case-initiating document that does not allege an imminent danger of serious physical injury without prepayment of the full filing fee, this will be grounds for imposition of a filing bar in accordance with Sloan v. Lesza, 181 F.3d 857 (7th Cir. 1999).

SO ORDERED on August 17, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
